# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY LOPEZ, A/K/A JOSE B. LOPEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73589

FILED

FEB 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Jerry Lopez's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.[1] The district court denied Lopez's petition as procedurally barred. We agree and affirm.[2]

Lopez submitted his petition for filing on April 17, 2017, more than one year after remittitur issued from his direct appeal. *Lisle v. State*, 113 Nev. 679, 941 P.2d 459 (1997). Thus, his petition was untimely filed. *See* NRS 34.726(1). Moreover, the petition was successive because Lopez had previously filed a postconviction petition.[3] *See* NRS 34.810(1)(b); NRS 34.810(2). Accordingly, the petition was procedurally barred absent a

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. NRAP 34(f)(3).

[2]We conclude that the district court did not abuse its discretion in declining to appoint counsel. *See* NRS 34.750.

[3]*Lopez v. State*, Docket No. 35790 (Order of Affirmance, February 4, 2003).

SUPREME COURT
OF
NEVADA

(O) 1947A

18-04319

demonstration of good cause and prejudice. *See* NRS. 34.726(1); NRS 34.810(1)(b), (2), (3). Further, because the State pleaded laches, Lopez was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Lopez asserts that the district court erred by denying his petition because he demonstrated good cause and prejudice. He claims that, under *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), this court must apply the holding in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000) (holding that the instruction described in *Kazalyn v. State*, 108 Nev. 67, 75, 825 P.2d 578, 583 (1992), should not be given in future cases and the jury should be separately instructed on the definitions of willful, deliberate, and premeditated when a defendant is charged with first-degree murder), retroactively to him despite this court's holding in *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008), that *Byford* was not retroactive.[4]

We disagree with Lopez's reading of *Welch*. *Welch* held that a prior United States Supreme Court decision that a clause of a federal statute was void for vagueness applied retroactively because "even the use of impeccable factfinding procedures could not legitimate a sentence based on that clause." *Id.* at ___,136 S. Ct. at 1265. In contrast, *Byford* involves a Nevada court interpreting a Nevada statute in a manner that has no constitutional implications. *Nika* 124 Nev. at 1288, 198 P.3d at 850. *Welch* announced no new law relevant to Nevada, and nothing in *Welch*

---

[4]Because Lopez's petition was submitted for filing within one year of *Welch*, the district court erred when it concluded that the petition was not filed within a reasonable time after the *Welch* decision. However, because the petition was filed more than one year after *Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002), any claim regarding *Sharma* was procedurally barred.

undermines this court's decision that *Byford* is not retroactive. Even if *Byford* was retroactive, no relief would be warranted because Lopez's codefendant clearly committed a willful, deliberate, and premeditated killing, and Lopez was liable for that killing as an aider and abettor. *See Byford*, 116 Nev. at 233, 994 P.2d at 712 (concluding that giving the *Kazalyn* instruction was not reversible error when the evidence was "clearly sufficient" to establish all elements of first-degree murder). Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:    Chief Judge, Eighth Judicial District Court
       Hon. James M. Bixler, Senior Judge
       Jerry Lopez
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk